IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREA SHARP, | : | |
| | : | 1:10-cv-1713 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| MILTON S. HERSHEY MEDICAL | : | |
| CENTER (PENN STATE), | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### November 23, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 39), filed on November 1,

2011, which recommends that the Defendant's Motion for Summary Judgment

(Doc. 15) be granted, that summary judgment be entered in favor of the Defendant

and that this case be closed.  No objections to the R&R have been filed by any

party.[1]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by November 18, 2011.

## I.     STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    BACKGROUND

Plaintiff Andrea Sharp ("Plaintiff" or "Sharp") filed this employment discrimination case claiming that her employer, Defendant Milton S. Hershey

Medical Center (Penn State), discriminated against her[2] based on her disability, sex, age, race, and national origin.[3]   She also alleges that the Defendant retaliated against her because she complained of the alleged discriminatory treatment.

The Defendant filed a motion for summary judgment, requesting that the Court grant the motion for the following reasons:

1)   that the Plaintiff failed to exhaust her administrative remedies before seeking a judicial remedy as to her disability discrimination claims;

2)   that some of the Plaintiff's claims are barred because she did not timely file administrative charges as to those claims;

3)   that the Plaintiff did not suffer an adverse employment action with respect to some of her discriminations claims;

4)   that the Plaintiff has not presented evidence from which a reasonable fact finder could conclude that the legitimate nondiscriminatory reasons asserted by the Defendant for not hiring her for three supervisory positions were pretexts for discrimination;

---

[2] We shall not recite the lengthy factual background of this case, but instead will refer the reader to pages 7 to 18 of the unobjected to R&R, wherein the Magistrate Judge recounts the undisputed material facts of this matter.

[3] As such, Plaintiff brings her claims pursuant to the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, 42 U.S.C. §§ 1981 and 1983 and the Pennsylvania Human Relations Act.

5)      that the Plaintiff has not presented evidence that she was subject to

harassment that was sufficiently severe or pervasive to alter the

conditions of her employment and to create a hostile work

environment;

6)      that several of the actions cited by the Plaintiff as retaliatory were not

in the nature of an adverse action;

7)      that Plaintiff failed to show a causal connection between her

participation in protected activity and the alleged adverse actions with

respect to her retaliation claims; and finally

8)      that Plaintiff has abandoned her Section 1981 and 1983 claims.

Following full briefing on the motion for summary judgment, Magistrate

Judge Smyser issued an exhaustive 42-page R&R wherein he reviewed all of the

Plaintiff's claims and the Defendants arguments.  We now turn to our review of the

R&R.

## III.   DISCUSSION

As noted above, Magistrate Judge Smyser rendered a thorough R&R on the

Defendant's motion for summary judgment and neither party has lodged objections

thereto.  Accordingly, we are not required to perform a *de novo* analysis of the R&R

but may place significant reliance on the Magistrate Judge's analysis, if we find the

4

analysis to be correct.  Thus, with that in mind, we turn to a summary of the salient points of the Magistrate Judge's R&R.

First Magistrate Judge Smyser correctly concludes that various incidents of alleged discrimination are barred because the Plaintiff did not file her administrative complaints in a timely manner as to those claims.  Second, the Magistrate Judge finds that, with respect to several of the alleged acts of discrimination, Plaintiff did not suffer an adverse employment action, and thus correctly recommends summary judgment on those claims.  Third, the Magistrate Judge concludes, and we agree, that the Defendant's proffered legitimate non-discriminatory reasons for not hiring Plaintiff to three supervisory positions are not pretext.  Next, the Magistrate Judge finds that Plaintiff has not established a *prima facie* case for a hostile work environment because the conduct complained of was not sufficiently severe or pervasive to rise to the level of a hostile work environment.  With respect to Plaintiff's retaliation claims, she cannot establish either that she suffered a materially adverse employment action nor can she establish a causal link between protected activity and later alleged retaliatory conduct, thus warranting summary judgment on the retaliation claims.  Finally, we wholly agree with Magistrate Judge Smyser that Plaintiff has abandoned her Section 1981 and 1983 claims by failing to

respond to any of the Defendant's arguments concerning these claims in the motion papers.

As we have already mentioned, neither the Defendant nor the Plaintiff have filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.  An appropriate Order shall issue.